SYLVANUS C. HASKILL *vs.* WILLIAM R. ANDROS.

A person's only cow is not subject to attachment or execution, though he reside in Canada, and the cow be casually found in this state.

Action of *trespass* for seizing and carrying away the plaintiff's cow. It appeared that the cow in question, was the only one the plaintiff had, and that the defendant had taken her in the capacity of an officer, by virtue of a writ of attachment at the suit of a creditor. The plaintiff was a native of this state, but, at the time the debt was contracted, on which the attachment was made, and for more than a year before, and at the time of said attachment, resided with his family at Stanstead, in the province of Lower Canada. The cow was kept and used, at the time of the attachment, at the plaintiff's residence in Stanstead; but she had casually strayed into this state, within the precincts of the officer, where she was seized by virtue of a writ of attachment as before mentioned.

The parties agreed on a statement of facts, on which a judgement was entered by agreement for the defendant; and the cause was ordered to pass to the Supreme Court for a final hearing.

The case was argued by *Mr. Redfield*, for the plaintiff, and by *Mr. Leslie*, for the defendant.

WILLIAMS, J., delivered the opinion of the Court. The plaintiff brings this action to recover the value of a cow, which the defendant has taken from him by virtue of an attachment and execution. The taking is confessed. It is admitted, that it was the only cow of the plaintiff, and that the plaintiff, at the time of the attachment and levy of the execution thereon, resided in the province of Lower Canada. The only question is, whether the cow was, on that account, liable to be taken in execution.

The legislature from principles of public policy have thought proper to exempt from execution certain articles of personal property, and, from the same principles, have made provision, that a debtor imprisoned on execution may be the owner of that proper-

ORLEANS,
*March,*
1832.

Haskill
*vs.*
Andros.

ty, and still be admitted to the oath provided for poor debtors. This property, thus exempt, is not considered as subject by law to the debts of the owner.

The language, by which the exemption is declared, is plain and explicit, and leaves little or no latitude to courts or juries either in ascertaining the meaning, or determining the cases to which it is applicable.

It is sufficient, in general, for the court to know what the legislature have done, and not enquire into the reasons which actuated it. Although it is a legitimate rule in the construction of all statutes, particularly remedial ones, to enquire after the old law, the mischief and the remedy ; and so construe the statute, as to suppress the mischief and advance the remedy. Probably no rule for the interpretation of statutes has led to as much judicial legislation as this ; and courts, by indulging in fanciful conjectures as to the reasons for which laws were enacted, have too often been led to depart from the law, and make a new one entirely. Hence there should always be a great deal of caution used when we resort to this rule to interpret a statute.

Where, however, the language made use of by the legislature is clear and explicit, there is no necessity of resorting to this, or any other rule, to ascertain its views in passing a statute ; but we are only to endeavour to give effect to its intention, learning that intention from the language which it adopts.

In the statute under consideration, there seems to be very little room to doubt its meaning. The language is, that the officer shall levy the execution upon the property of the debtor, " always excepting one cow, and such suitable apparel, bedding, arms, and articles of household furniture, as may be necessary for upholding life."

As to all the other articles, except the cow, they are to be exempted according to the different circumstances, or situation of the individual ; and, of course, some discretion must be used, both by officers in executing, and by courts in deciding how far the exemption shall extend. The judgement must be exercised in determining the extent ; as what would be suitable and necessary in one case, would be unsuitable and more than necessary in another. A regard must, therefore, be had to the situation of each debtor, as well as the number and ability of his family. It is not so, however, in relation to a cow ; probably because it was an article of small value, and from the difficulty of ascertaining at all times, whether it was necessary or not. It might be said that the

cow, from disorder, as was supposed in the argument, might be valueless to a family ; or that the owner had no family ; or that he was residing out of the government; or in such a situation that he would not want the milk of a cow. These, and a variety of other considerations, might be urged, and render it at all times inconvenient, and frequently difficult to determine, whether it was necessary or expedient, in each particular case, to exempt this article from being taken on execution.

To prevent any of these enquiries, one cow is exempted from sale on execution, whatever may be the situation or circumstances of the debtor. It is to be considered as though the exception was inserted in the execution.

There is nothing in this case to distinguish it from any other, where the only cow has been taken on execution. The person taking is liable to an action at the suit of the owner, and must respond in damages the value of the property taken.

It has been corectly urged, that the law of the place where a remedy is attempted to be enforced, must always govern the proceedings had to enforce the remedy. Both principle and the authorities clearly establish this position. Whatever remedy our laws give to enforce the performance of a contract, will equally avail the citizen or the foreigner ; and they equally must be subject to any restraints which the law imposes upon them. Our inhabitants can have no greater rights in enforcing a claim against a foreigner, than an alien can have in enforcing a similar claim against one of our own citizens. Whoever submits himself or his property to our jurisdiction, must yield to all the requirements which are made of our citizens in relation to the collecting of debts, or maintaining suits ; and is clearly entitled to all the benefits, exemptions, and privileges, to which other debtors or suitors, belonging to our own state, are subject or entitled. If the one can hold a cow, suitable wearing apparel, and necessary household furniture, without having the same taken from him by execution, so can the other. Nothing short of the express language of a statute would justify us in saying, that a person may, by virtue of an execution, be stripped of his wearing apparel, his necessary household furniture, and his only cow, merely because he resides under another government, when a person residing here would not be subject to the same inconvenience and distress. At any rate, we are not disposed to give a forced construction to a statute, and pervert its plain and obvious language and meaning, to effect this purpose.

ORLEANS,
March,
1832.

Haskill
vs.
Andros.

ORLEANS,
*March,*
1832.

Haskill
*vs.*
Andros.

It is the opinion of the Court, on the case stated, that the property for which this action was brought, was exempt from execution ; that the plaintiff may maintain an action therefor, and is entitled to judgement on the case stated. The judgement of the county court, must therefore be reversed, and judgement rendered for the plaintiff.