## WILLIAM EVERETT *versus* NELSON HERRIN.

By c. 81, § 36, of R. S. of 1857, a debtor can have no interest in a horse exceeding in value $100, which is exempted from attachment.

And if he owns two horses, neither of which is of the value of $100, but whose aggregate value exceeds that sum, he may elect which shall be exempt.

But if one of the horses is of a less, and the other of a greater value than $100, he has no election, the former only being exempted.

A debtor, temporarily within the State, is not excluded from the benefit of these provisions, because he is a citizen of another State or country.

ON REPORT by APPLETON, J.

This was an action of TRESPASS against the defendant, as sheriff of the county of Aroostook, whose deputy had attached, on a writ against the plaintiff, a horse, which the plaintiff claimed was exempt from attachment.

It was admitted the plaintiff would testify that he had no oxen, and but one horse beside the one in suit, which was attached by defendant's deputy at the same time; that, at the time of the attachment, he was at work at letter E, in Aroostook county, where the horses were attached; that he had been at work there three or four months; that the value of the horse, when attached, was $80. The defendant proved that plaintiff was a resident of New Brunswick, having a family there; and that he had been a resident there for the seventeen years last past, and that he was never known to have resided in this State.

C. R. Paul, the deputy sheriff by whom the attachment was made, testified that plaintiff demanded the black horse which was attached, before its sale; that he claimed it under a statute of the State, which he said gave him one horse; that it was worth $125; that he did not at this time claim the bay horse, worth about $50; that he did not give up either; that the black one was the only one demanded; that this was at Plymouth.

Isaac Hacker, called by plaintiff, testified that E. C. Blake was with plaintiff; that he said two horses would be exempt,

if not worth over $100; that plaintiff said he thought he had the right to select; that he wanted the best; wanted both, if the law would give them; that he did not know law; that he wanted what the law would give him; that plaintiff demanded the articles attached, because witness had not proceeded legally; that afterwards he demanded the black horse, as exempt; that he attached just four horses; that he gave up two; that he kept the other two about 10 days or more, before they were sold.

The plaintiff being called, testified that the horse of least value was worth $90; that he understood the law would allow him the best horse; that he claimed that; that afterwards he understood he could have but one horse of the value of $100; he claimed the other horse; that, the second time he called on Paul, he told him he chose the best horse,—if the law did not allow that, he claimed the other; that he claimed whatever the law would allow him.

Upon this evidence, with authority to draw such inferences as a jury might draw, the Court are to render such judgment, by nonsuit or default, as the legal rights of the parties may require.

*Blake & Garnsey* argued for the plaintiff, contending that, as the horse of less value than $100 was the only one exempt from attachment, the plaintiff had no election; that, by the attachment of it, the officer became a trespasser. Even in a case where the debtor might elect, the right to do so being for his benefit, he may waive it, and thus compel the officer to choose.

2. The fact that the debtor was a foreign resident, temporarily within our jurisdiction, does not deprive him of the benefit of the statute. Its language is general. Certain specific articles are enumerated as exempt from attachment. Whoever may be the owner is entitled to the provision of the law. No exception is made, except in section 31, (c. 81,) of a boat, which, to be exempt, must be owned exclusively by an inhabitant of this State.

Aliens are allowed to sue and be sued in our courts. Their rights are the same as our own citizens, unless specially disabled by some law of the State where the action is brought. 1 Story's Confl. of Laws, § 565. But those rights must be protected according to the forms of proceeding and by the remedies afforded by our laws. *Ib.* § 556. The *lex loci* governs as to all remedies sought. *Barrett* v. *Benjamin,* 15 Mass. 354, 358; *Judd* v. *Lawrence,* 1 Cush. 534.

*J. Granger,* for the defendant, contended, —

1. That the horse was not exempt from attachment, because the debtor waived his claim to have it exempt, by demanding and insisting on having both horses or the best one, and not claiming the bay horse, if at all, for aught that appears, until after it was sold on the writ.

Is an officer bound, at his peril, to know whether a foreigner coming into our State has, or not, oxen and horses at home? If he refuses or neglects to attach the property, he is liable to the creditor. If he attaches it, and, without being able to ascertain how the fact may be as to the debtor's property at home, attaches his only horse, worth less than $100, without any notice from the debtor of any claim to have the horse exempted, is the officer liable?

Does not the debtor waive his claim by not asserting it? Does he not waive his right to have *one* horse exempt, by his claiming to have *another?* Suppose the deputy had given up the black horse and held on to the other. According to the argument of plaintiff's counsel, he would have been liable because he attached his only horse exempted from attachment, there being no room for election. . It was the officer's folly to give up the one, which he could hold, and attach the other, which was absolutely exempt. This would be a hard law. The Court would not come to this conclusion except from imperative necessity.

2. Is a debtor resident in a foreign country, temporarily here, entitled to the benefit of the exemption?

Although, as a general thing, foreigners are incidentally

entitled to the benefit of our laws, yet they are made for the protection and benefit of our own citizens.

A yoke of oxen or a span of horses, and implements of husbandry, are exempted with a view to encourage agriculture, and also to enable a man to take care of himself and family, so that they may not become a public charge by being stripped of all means of getting a livelihood.

These reasons do not apply in the case of a person, with a family resident in a foreign country.

It would seem to be unreasonable, if a foreigner comes into this State and commits a trespass, while he and his family reside in New Brunswick, that he should be screened from paying the damages and go off clear, with $2500 worth of personal property exempted from attachment.

It is by comity that we allow foreigners to sue and be sued in our State; and it is hardly correct to say " that they have all the rights of citizens of our State, unless *specially* disabled." We do not give effect to a foreign assignment, to the prejudice of our own citizens. We require that the debts of our citizens shall be paid before we allow the funds to be withdrawn under the assignment. So we require the debts of our own citizens to be paid in full, as against the administrator and creditors of an insolvent estate of a debtor in another State or country. We do not allow the funds to be withdrawn until the claims of our own citizens are satisfied. And why should a man, indebted in this State, resident in another country, be permitted to withdraw his property from his creditors under our statutes of exemption ?

The opinion of the Court was drawn up by

KENT, J.—A statute of this State, c. 81, § 36, art. 12, exempts from attachment and execution " one or two horses, not exceeding in value one hundred dollars;" and, if the two horses exceed that sum in value, the debtor may elect which of the horses shall be exempt. In this case the debtor had two horses, one of the value of eighty dollars, and the other of the value of one hundred and twenty-five dollars, both of

Everett *v.* Herrin.

which were attached by the defendant. The debtor claims, in this suit, to recover for the one valued at a sum less than one hundred dollars, on the ground that that horse was exempt from attachment.

It seems clear that the Legislature intended to exempt only a horse not exceeding in value one hundred dollars. A horse worth more than that sum is not exempted, although it may be the only horse the debtor owns; and the debtor cannot protect any portion or interest in such horse. But the debtor may hold as exempt two horses, if the aggregate value of both does not exceed one hundred dollars. The right of election in the debtor exists and can be exercised only where both horses are of greater aggregate value than the above sum, but neither of them of the value of one hundred dollars.

In this case no right or duty of election existed. One of the horses was exempt, and one was not exempt. There was no right or obligation on the part of the debtor to elect, and all that was said or done by him, in relation to such election, was void and inoperative, and left the rights of the parties unaffected. The horse sued for was exempt by law from the attachment made by defendant, and his act was illegal, and a violation of the rights of the plaintiff.

An objection is made that the debtor, not being a citizen of this State, but a resident of New Brunswick, is not entitled to avail himself of any of the provisions of our law exempting property from attachment. This objection cannot prevail. If a citizen of this State attempts to secure the payment of his debt or claim against a foreigner temporarily within our jurisdiction, by availing himself of the provisions of our laws authorizing a suit and attachment of the " debtor's" property, he cannot claim any greater rights, or cause the precept to be executed in any different manner, than when it is against a citizen of Maine. The statute exempts certain property of the " *debtor*," and does not limit the exemption to the property of a citizen, except in the single case of a fishing boat.

The exception in this single case strengthens the presump-

tion that the Legislature intended that, in all other cases, the specified property of the debtor should be free from attachment, without any limitation as to citizenship. In the absence of any statute distinction, the general principle must prevail that the forms of remedies, and the modes of proceedings, and the service and attachments on processes, are to be regulated by the laws of the place where the action is instituted. Story's Conflict of Laws, § 556.

*Judgment for plaintiff for $90 and costs.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.