## THE MINERAL POINT RAILROAD COMPANY

### *v.*

### JAMES BARRON, for use, etc.

1. LEX LOCI—*governs in the construction of contract, only.* The *lex loci* governs in determining the validity and in the construction of contracts, but in respect to the time, mode and extent of the remedy the *lex fori* governs.

2. Statutes of limitations fixing the time within which an action may be brought, laws providing for a set off, and statutes exempting property from levy and sale for debt, or exempting wages from garnishment, relate to the remedy only, and such laws of a State where a debt is contracted can not be invoked where the remedy is sought to be enforced in a different State.

3. GARNISHMENT—*exemption extends to non-residents.* The statute of this State exempting $25 of wages due a party who is the head of a family and resides with the same, from garnishment, is not confined to residents of this State, but applies also to wages due a non-resident.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

This was a garnishee proceeding, commenced by E. G. Barlow against The Mineral Point Railroad Company, to recover wages due from the company to James Barron, based upon a judgment against Barron, and the return of an execution "no property found."

The company answered, admitting that it was indebted at the time of the service of the writ, to Barron, in the sum of $40, but set up in defense that Barron was a resident of the State of Wisconsin, and the head of a family, residing with

the same, and that, by the laws of that State, such wages were exempt from garnishment.

Mr. M. Y. JOHNSON, and Mr. M. M. COTHREN, for the appellant.

Mr. E. L. BEDFORD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Under the laws of Wisconsin, had the proceedings been instituted in that State, the wages of the defendant in the original action were exempt from garnishment, and it is urged by appellant, that, as the parties resided in that State and the debt was there incurred, the exemption laws of Wisconsin must control, although the proceedings for the collection of the debt were commenced in this State.

It is true, the validity of a contract is to be determined by the law of the place where it is made, but the law of the remedy is no part of the contract, as is well said by Parsons on Contracts, vol. 2, page 588: "But on the trial, and in respect to all questions as to the forms or methods, or conduct of process or remedy, the law of the place of the forum is applied."

In *Sherman* v. *Gassett*, 4 Gilman, 521, after referring to a number of cases in illustration of the rule, it is said: "The cases above referred to, although not precisely analogous, yet settle the principle that the *lex loci* only governs in ascertaining whether the contract is valid, and what the words of the contract mean.    When the question is settled that the contract of the parties is legal, and what is the true interpretation of the language employed by the parties in framing it, the *lex loci* ceases, and the *lex fori* steps in and determines the time, the mode and the extent of the remedy."

Statutes of limitations fixing the time within which an action may be brought, laws providing for a set-off in certain actions, and statutes providing that certain articles of personal property, wearing apparel, farming implements, and the tools of a mechanic shall be exempt from levy and sale upon execution, have always, so far as our observation goes, been regarded

by courts as regulations affecting the remedy which might be enacted by each State, as the judgment of the legislature might think for the best interests of the people thereof. *Bronson* v. *Kinzie*, 1 Howard, 311.

The statute of Wisconsin, under which appellant was not liable to be garnisheed, was a law affecting merely the remedy where an action should be brought in the courts of that State. That law, however, can not be invoked where the remedy is sought to be enforced in the courts of this State. The remedy must be governed by the laws of the State where the action is instituted.

This brings us to the inquiry whether the indebtedness due from appellant to the defendant in the original action was liable, under our laws, to be reached by garnishee process.

Section 14, of chapter 62, entitled "Garnishment," Revision of 1874, 552, provides: "The wages and services of a defendant, being the head of a family and residing with the same, to an amount not exceeding $25, shall be exempt from garnishment. In case the wages or services of such defendant in the hands of a garnishee shall exceed $25, judgment shall be given only for the balance above that amount."

The evidence shows that the defendant in the original action was the head of a family, residing with the same; that the appellant was indebted to him in the sum of $40—wages earned as a laborer in the service of appellant. Under the statute, therefore, $25 of the amount due from appellant was clearly exempt, and the remaining $15 were subject to the process of garnishment. The appellee, however, contends, that as the defendant in the original action was not a resident of this State, he is not entitled to the benefit of the provision of the State. Neither the section referred to, nor any other section in the chapter entitled "Garnishment," excludes a non-resident defendant from claiming the protection of the act. Had the legislature intended to limit the benefits to be derived from the act to a resident of the State, no doubt language would have been employed indicating that intent; in the absence, however, of any intimation that the act was to be con-

fined to a resident of the State, we do not feel authorized to construe the act otherwise than as its plain language would indicate.

The fifth section of the chapter authorized garnishee process to issue in actions by attachment, and such actions are frequently commenced against non-residents; and it is very strange, if the legislature intended not to exempt the wages of a non-resident, that the process would have been authorized in actions of attachment against non-residents, and section 14 drafted in such language as include both resident and non-resident defendants.

The chapter of our statute entitled "Exemptions," would seem to confirm this view. In that chapter, by section 13, certain personal property owned by the debtor is exempt from levy and sale. By section 14 it is declared, such property shall continue so exempt while the family of such person, or any of them, are removing from one place of residence to another in this State.

Here, the exemptions seem to have been confined to a resident, and the conclusion is irresistible, that if it had been contemplated to so confine the act in regard to garnishment, other and different language would have been employed.

We are, therefore, of opinion, that $15 only of the amount which appellant owed to the defendant in the original action was subject to be garnisheed. The court, however, rendered judgment for $23.45. This was error, for which the judgment will be reversed and the cause remanded.

*Judgment reversed.*