## William B. Menzie

### v.

## James H. Kelly

1. Exemption—Non-resident entitled to—A non-resident who is sued in this State is entitled to the same exemptions as a resident of the State, upon compliance with the law relating to exemptions.

2. Debtor to make schedule—Must produce property before the officer.—A non-resident seeking the protection of the exemption laws of this State, must comply with the statute by presenting to the officer a schedule of all his personal property, and he must produce such property before the officer, in order that it may be appraised as required by the statute.

Appeal from the City Court of East St. Louis; the Hon. Chas. P. Waré, Judge, presiding. Opinion filed April 7, 1881.

Mr. L. H. Hite, for appellant; that the exemption law applies as well to non-residents, cited Mineral Point R. R. Co. v. Barron, 83 Ill. 365; Rev. Stat. 1874, 499.

Messrs. Flannigan & Canby, for appellee; that exemption laws apply only to residents, cited Hawkins v. Pearce, 11 Humph. 44; Orr v. Box, 22 Minn. 485; Yelverton v. Burton, 26 Pa. St. 351; Finley v. Sly, 44 Ind. 266.

BAKER, J.  This was replevin brought by Menzie, appellant, against Kelly, appellee.  The case was submitted to the court, upon an agreed statement of facts.  The court found for appellee, and rendered judgment against appellant for costs, and awarded a writ of *retorno habendo*.  In the case of Mineral Point R. R. Co. v. Barron, 83 Ill. 365, the Supreme Court held that the statute of this State exempting $25 of wages due a party who is the head of a family, and resides with the same, from garnishment, is not confined to residents of this State, but applies also to wages due a non-resident.  This was so decided upon the ground there was no provision in the act that excluded a non-resident from claiming its protection, and that the act must be construed, in the absence of words of limitation, or of any intimation that the act was to be confined to residents, to include non-residents as well as residents of the State.

Section 14 of the exemption law of 1873, R. S. 1874, Chap. 52, afforded an intimation that the benefit of the exemptions provided for in that act was confined to residents.

That section however, along with all others relating to personal property exemptions, was repealed by the act of May 24, 1877 (Laws of 1877, p. 101), and this latter act is a substitute for the several statutory provisions theretofore in force relating to exemptions of personal property from execution, attachment and distress for rent.  A non-resident is plainly within the language of section one of the act of 1877, allowing the exemption.  Section two requires that any debtor against whom an execution, writ of attachment or distress warrant has been issued, who is desirous of availing himself of the benefit of the act, must make a schedule, subscribed and sworn to by himself, of all his personal property of every kind and character including money on hand, and debts due and owing to him, and deliver it to the officer having the writ; and provides that any property of the debtor not included in the schedule shall not be exempt.  Said section further provides that " thereupon the officer having the execution, writ of attachment or distress warrant shall summon three householders, who, after being duly sworn to fairly and impartially appraise the property of the debtor, shall fix a fair valuation

Menzie v. Kelly.

upon each article contained is said schedule, and the debtor shall then select from such schedule, the articles he or she may desire to retain, the aggregate value of which shall not exceed the amount exempted to which he or she may be entitled, and deliver the remainder to the offcer having the writ."

Under the rule of construction announced in M. P. R. R. Co. v. Barron, *supra*, there is nothing contained in the act that would exclude a non-resident of the State from availing himself of the exemptions allowed by the first section of the act, unless it be the requirement of said section two. The officer is required to summon three householders, who, after being duly sworn as appraisers, "shall fix a fair valuation upon each article contained in the schedule." The debtor is then required to make his selection, " and deliver the remainder to the officer having the writ." The *situs* of the property must, from the necessity of the case, be such that the officer can proceed and have the property appraised in accordance with the requirements of the act. The appraisers could not fix a fair valuation upon each article, without they were afforded opportunity for inspection and examination. The debtor could not, after making his selection, " deliver the remainder to the officer having the writ," unless the property was present or within reach. The object of the statute is to exempt, for the benefit of the debtor and his family, personal property up to a certain value, but to require him to surrender all property in excess of that value for the benefit of his creditors. The values of the several articles are to be assessed by three householders, who are to act fairly, impartially and under the sanction of an oath. We take it that sections one and two of the act, must be construed together, and that the one is dependent upon the other; and that it is necessarily implied, that the property as well as the schedule, shall be submitted to the officer and the three householders.

If the debtor desires to participate in the benefits conferred by the statute, he must submit to the burdens imposed by it, and in good faith disclose and bring forward for fair and impartial appraisal, " all of his personal property of every kind and character." If he does this, then he brings himself with-

Menzie v. Kelly.

in the statute and is entitled to its protection, and it is immaterial whether he resides in this State or not.

If the resident of an adjoining State, being the head of a family with which he resided, was passing through this State, with his household goods and they were seized on execution or attachment, he would, under the rule of construction in M. P. R. R. Co. v. Barron, have a right to the benefit of our statute of exemptions, if he made and delivered a proper schedule and produced all his personal property for valuation. It is suggested, a non-resident of the State is excluded from the statute because the officer and householders cannot go beyond the limits of the State to make an appraisement. There would be perhaps equally good ground for holding that a non-resident of the county where the levy was made would not be entitled to schedule because the constable could not go to another county and seize the property there, or have authority to appoint appraisers there or require appraisers from his own county to go beyond the limits of the county. The result would be that even some resident of the State might be deprived of the protection afforded by the act. The substantial matter to be ascertained is whether the debtor has personal property of greater value than is exempt from execution. In this case appellant made and tendered a proper schedule but he did not submit the property in the schedule for appraisement, but retained the same, except the buggy levied on at his place of residence in another State. If the case stood here, we would affirm the judgment. But by the agreed statement of facts, it is admitted that the schedule made and tendered by appellant included all his personal property of every kind and character, etc., and that all of said property, including said buggy, did not exceed the sum of $400. All the material facts, then, that could have been ascertained if the property had been produced for valuation are admitted in the record, and show that appellant had no personal property that was not exempt under our statute. We are of opinion the court below erred in finding for appellee upon the agreed state of facts. The judgment is reversed and the cause remanded.

Reversed and remanded.