THE MISSOURI PACIFIC RAILWAY COMPANY, *et al.*, v. W. J. MALTBY AND A. N. MALTBY, *Partners as Maltby & Co.*

GARNISHMENT; *Exemption.* In a proceeding in garnishment, where all the parties are non-residents of the state of Kansas, and are residents of the state of Missouri; and the thing attempted to be attached by the garnishment proceedings is a debt created and payable in the state of Missouri, but the garnishee does business in Kansas and is liable to be garnished in this state; and the other parties come temporarily into Kansas; and while in Kansas the plaintiff, who is a creditor of the defendant, who is a creditor of the garnishee, commences an action in Kansas against the defendant, and serves a garnishment summons upon the garnishee; and the debt of the garnishee to the defendant is, by the laws of the state of Missouri, exempt from garnishment process, and such debt also seems to come within the exemption provisions contained in § 490 of the civil code of Kansas, and § 157 of the justices' code of Kansas, exempting certain earnings of the debtor from the enforced payment of his debts: *Held*, That such debt is exempt from garnishment process in Kansas.

*Error from Bourbon District Court.*

ACTION brought by *Maltby & Co.* against *The Railway Company* and another, to recover $116.40 from said company

because of its failure to answer as garnishee in an action brought by plaintiffs against George W. Ridgway before a justice of the peace. Trial by the court at the September Term, 1884, upon an agreed statement of facts. Judgment was rendered for plaintiffs and against the defendant company for $62.25, and costs. New trial denied. The defendants bring the case to this court. The opinion states the facts.

*David Kelso, J. H. Sallee,* and *R. T. Holloway,* for plaintiffs in error.

*E. F. Ware,* and *C. L. Ware,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Bourbon county, by W. J. Maltby and A. N. Maltby, partners as Maltby & Co., against the Missouri Pacific Railway Company and George W. Ridgway, to recover $116.40 from the railway company because of its failure to answer as garnishee in an action brought by Maltby & Co. against Ridgway, before a justice of the peace of said county. Ridgway and his family and Maltby & Co. were all residents of Sedalia, Missouri, and the railway company was a Missouri corporation, but had been consolidated, under the laws of Kansas, with two Kansas railway companies, and did business and operated railroads in Kansas. The action brought before the justice of the peace was for groceries sold and delivered by Maltby & Co. to Ridgway at Sedalia, Missouri. The garnishee summons was served on the agent of the railway company in Bourbon county, Kansas, on July 10, 1883, and the original summons was served personally on Ridgway in the same county on July 17, 1883. The defendant Ridgway appeared personally before the justice of the peace and also by counsel, and judgment was rendered against him and in favor of Maltby & Co. for $258.68. The railway company did not appear within proper time, but afterward appeared and filed a paper with the justice of the peace, claiming that it was not liable as garnishee; that the court had no jurisdiction over

it; and that the sum due from it to Ridgway, to wit, $58.20, was exempt from judicial process. The justice, however, refused to act upon the paper. At the time of the service of the garnishment summons upon the railway company it owed Ridgway just $58.20.

Afterward Maltby & Co. commenced this present action against the railway company, also making Ridgway a defendant, claiming from the railway company $116.40, because of its refusal to answer as garnishee as aforesaid. The railway company and Ridgway answered in this action separately, each, however, claiming that the debt due from the railway company to Ridgway was exempt from judicial process; that the railway company was not liable to be garnished for the same; and that the railway company was not liable in the action. The case was tried before the district court without a jury, upon an agreed statement of facts. Among the facts admitted were the following:

"The money due from the said railway company was for the personal earnings of said Ridgway, and was due to him within sixty days of the beginning of this suit, and was for his personal earnings as engineer upon said railway in Missouri, and necessary for the support of himself and family; and said wages are and were exempt from garnishment by the laws of the state of Missouri." "The family of said Ridgway consists of a wife and one child, who are dependent upon him for their support." "Plaintiffs admit that an action could have been brought in the state of Missouri against said Ridgway, except while he was absent from the state; and that personal service could have been had on said Ridgway in said state, both before and after said suit was begun in Kansas; and that a garnishment summons might have been served in said state upon the defendant railway therein; and that garnishment proceedings against the defendant railway company might have been instituted in the state of Missouri; and that if such proceedings had been instituted, the defendant, Ridgway, would have by reason of the exemption laws of the state of Missouri entirely defeated the collection of the plaintiffs' claim."

Upon the agreed statement of facts the court below rendered judgment in favor of Maltby & Co. and against the railway company for $58.20, and interest, amounting in all to $62.25

and costs.   A motion was made for a new trial and overruled, and proper exceptions were taken; and the defendants, the Missouri Pacific Railway Company and Ridgway, now bring the case to this court for review.

The first and principal question which seems to be involved in this case is, whether the debt due from the railway company to Ridgway was and is exempt from garnishment process, or not.   It seems to be admitted by the parties that the laws of a state, including exemption laws, can have no extra-territorial force; that no law can be imported into one state from another; yet that all actions for debts or actions upon contract, wherever they arise, are transitory in their character and may be brought in any jurisdiction where the debtor or his property may be found; also, that corporations doing business in this state, whether domestic or foreign, may be garnished in this state, and may be garnished by either a resident or non-resident plaintiff, and may also be garnished whether the action arose in this state or elsewhere, and whether the defendant is a resident or non-resident of the state: provided, of course, that the debt or thing attempted to be held in garnishment is or may be the subject of garnishment proceedings.   And it has been held by this court that a foreign corporation doing business in this state may be garnished by a person presumably a resident of Kansas for a debt due from the foreign corporation to a non-resident employé of the corporation not present in Kansas, where the debt was created outside of Kansas and was exempt from garnishment in the state where the defendant and the garnishee resided and where the debt was created, but was not exempt under the laws of Kansas.   (*B. & M. Rld. Co. v. Thompson*, 31 Kas. 180; same case, 47 Am. Rep. 497; same case, 18 Cent. L. J. 192, and note, 194, *et seq.*)

But the plaintiffs in error, defendants below, claim that no person or corporation can be garnished with regard to property or choses in action which are beyond the jurisdiction of the state, or are exempt from garnishment process in the state where the *situs* of such property or choses in action may be considered to be; that the *situs* of the debt in question is where

it was created, where it was to be paid, and where all the parties reside; but it is also claimed by the plaintiffs in error, defendants below, that such debt is nevertheless exempt from garnishment process whether its *situs* be considered as in Kansas, or in Missouri, or in both. It is claimed that the debt may be considered as in the nature of a trust fund set apart by the laws of Missouri for the use and benefit of the family of Ridgway, and that garnishment proceedings cannot reach to such fund so as to divert it from the purpose for which it was set apart. It is claimed that the exemption of this fund from judicial process is an incident to the debt itself, or a condition thereof, which will follow the debt into whatever jurisdiction the debt itself may be considered as having passed; that the exemption, being an incident of the debt, is equally transitory with the debt. It is claimed that whenever a debt created under the laws of one state is carried into another, all its incidents and conditions are carried along with it. It is claimed that where the debtor and creditor and the garnishee are all residents of the same state, and the debt was created in such state, the exemption is not only such a condition or incident to the debt that it will follow the debt wherever the debt may go, but also that the relation or *status* existing between the parties by reason of the debt and the exemption laws of the state where all the parties reside so follows the parties that if a part of such relation or *status* is enforced in any jurisdiction, all must be enforced — the exemption as well as the debt; and many of the various relations existing in society, such as marriage, agency, trusteeship, corporations, partnership, etc., are cited as illustrations of relations created under the laws of one state and being recognized and enforced in other states. It is also claimed that the exemption is a vested right *in rem*, which follows the debt into any jurisdiction in which the debt may be considered as going. It is also claimed that because all the parties reside in Missouri, and the debt was created there and is payable there, and was exempt from garnishment process under the laws of that state, the debt should be held to be exempt in other states, under the rules

9—34 KAS.

of comity existing between states. The plaintiffs in error, defendants below, cite the following, among other authorities: *Pierce v. C. & N. W. Rly. Co.*, 36 Wis. 283; *Baylies v. Houghton*, 15 Vt. 626; *Tingley v. Bateman*, 10 Mass. 343; *Sawyer v. Thompson*, 4 Foster, 510.

The defendants in error, plaintiffs below, claim that the debt from the railway company to Ridgway is not exempt from garnishment process in Kansas; and cite, among other authorities, the case of the *B. & M. R. Rld. Co. v. Thompson*, 31 Kas. 180, and the authorities there cited. That case, however, is not applicable to the present case, for the following reasons: The plaintiff in that case was not shown to have been a resident of the same state as the defendant and garnishee, nor a non-resident of Kansas, and presumably he was a resident of Kansas. In that case it was not shown that the defendant had ever been in Kansas, nor was it shown that his earnings were necessary for the maintenance of his family, and presumably they were not; and therefore presumably such earnings were not exempt from garnishment process under the laws of Kansas, and would not have been even if he had been a resident of Kansas.

We are inclined to think that the debt due from the railway company to Ridgway is exempt under the laws of this state. (*Seymour v. Cooper*, 26 Kas. 539; *Muzzy v. Lantry*, 30 id. 49; Civil Code, §490; Justices Code, §157.) Under the sections above cited, the earnings of a debtor for his personal services, at any time within three months next preceding the attempt to subject such earnings to the payment of his debts, are exempt from such payment, if it be made to appear by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family supported wholly or partially by his labor; and no distinction is made by such sections between residents and non-residents, or between debts created in Kansas and debts created elsewhere; and the weight of authority seems to be that where the statutes do not make any distinctions, that no such distinctions exist; that if the statutes do not restrict the exemption of property for the payment

of debts to residents, or to some other particular class of persons, the courts have no authority to make such restriction; and the statute will apply to all classes — non-residents as well as residents. (*M. P. Rld. Co. v. Barron*, 83 Ill. 365; *Sproul v. McCoy*, 26 Ohio St. 577; *Hill v. Loomis*, 6 N. H. 263; *Haskell v. Andros*, 4 Vt. 609; *Lowe v. Stringham*, 14 Wis. 222.) And the case of *Leiber v. U. P. Rly. Co.*, 49 Iowa, 688, seems to recognize this principle, though the question is not decided. (See also Freeman on Executions, § 220, and cases there cited.) And the garnishee may interpose the exemption as well as the debtor himself. (*Mull v. Jones*, 33 Kas. 112.) But it makes no difference in this case, as both the garnishee and the debtor have interposed the exemption. Under the general exemption laws of Kansas, (Comp. Laws of 1879, ch. 38,) it is necessary that the party supposed to be entitled to the exemption should be a resident of this state; but such is not the case with regard to the exemption under § 490 of the civil code, and § 157 of the justices code.

Not wishing to state the law more or less broadly than the facts of this case will warrant, we shall decide it purely upon its own facts, and therefore the decision will be in substance as follows: In a proceeding in garnishment, where all the parties are non-residents of the state of Kansas, and are residents of the state of Missouri; and the thing attempted to be attached by the garnishment proceedings is a debt created and payable in the state of Missouri, but the garnishee does business in Kansas, and is liable to be garnished in this state, and the other parties come temporarily into Kansas, and while in Kansas the plaintiff, who is a creditor of the defendant, who is a creditor of the garnishee, commences an action in Kansas against the defendant, and serves a garnishment summons upon the garnishee, and the debt of the garnishee to the defendant is by the laws of the state of Missouri exempt from garnishment process; and such debt also seems to come within the exemption provisions contained in § 490 of the civil code of Kansas, and § 157 of the justices code of Kansas, exempting certain earnings of the

Debt exempt from garnishment.

debtor from the enforced payment of his debts, such debt is exempt from garnishment process in Kansas.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.