## WILLIAM B. SMITH
## v.
## LEWIS W. DAUEL.

*Exemptions—Schedule—Appraisement—Trial by Court—Propositions of Law—Replevin.*

1. Where the debtor presents a schedule of his property to a constable holding an execution against him, it is the duty of the officer to summon appraisers without delay. In the case presented, it was proper for the debtor to go from home on the third day, taking part of the property in question, the officer having given him no notice of the intended appraisement on that day.

2. An appraisement made in the absence of part of the scheduled property of the debtor is invalid.

3. Where the appraisement is irregular and the officer levies on property of the debtor, the latter may maintain an action of replevin for such property.

4. It is the special province of this court to review questions of fact and determine whether the finding of the trial court should be set aside. It is not essential to this review that propositions of law should have been submitted to the court below.

[Opinion filed November 30, 1888.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. J. M. WEAKLY and KERRICK, LUCAS & SPENCER, for appellant.

Smith v. Dauel.

Messrs. Tipton & Beaver, for appellee.

Wall, P. J. This was an action of replevin which was instituted by the appellant before a justice of the peace, from whose judgment an appeal was prosecuted to the Circuit Court, where, upon a trial before the court, a jury being waived, there was judgment against the plaintiff.

The case was submitted upon an agreed state of facts from which it appears that the defendant, being a constable, held two writs of execution issued by a justice of the peace against the plaintiff, who was the head of a family and then residing with the same; that upon being notified of the executions, the plaintiff made schedule of his personal property in due form of law and delivered the same to the defendant; that the defendant then informed the plaintiff the property would be appraised if the execution plaintiffs desired; that at the instance of said execution plaintiffs the defendant appointed appraisers and returned to the house of the plaintiff three days after the making of the schedule, with the appraisers, for the purpose of making an appraisement; that the plaintiff had no notice of said appraisement or of the intended appraisement further than above stated, and was not then at home, having gone to Lexington, a distance of some eight miles, with the horses, buggy and harness, being a part of the property named in the schedule; that the appraisement was then made in his absence and in the absence of the property which the plaintiff had with him, and the entire valuation fixed at $446.19; that two of the appraisers had seen the absent property but had never made an examination of it, though they deemed themselves well enough informed to fix the value thereof, and that the third appraiser had never seen it and had no knowledge of its value; that the property was, in fact, not worth more than $400; that plaintiff had no notice of the appraisement until after the appraisers had gone home, and that he made no selection or demand of any sort until the defendant, three days after the appraisement, having made no further demand of the plaintiff, levied upon the property in suit; whereupon the plaintiff having demanded a return of the same, brought the present action.

The question is, whether there was such a compliance with law as to warrant the constable in levying upon the property. The statute provides that an execution debtor desiring to avail himself of the benefit of the act shall make a schedule upon oath of all his personal property and deliver the same to the officer, and "thereupon the officer having the execution shall summon three householders who, after being duly sworn to fairly and impartially appraise the property of the debtor, shall fix a fair valuation upon each article contained in said schedule, and the debtor shall then select from such schedule the articles he or she may desire to retain, the aggregate value of which shall not exceed the amount exempted, to which he or she may be entitled, and deliver the remainder to the officer having the writ."

The language here employed is not ambiguous. The officer shall *thereupon* summon appraisers—that is to say, he shall do so without delay; as soon as in the nature of things it can reasonably be done; and it is implied that the debtor shall hold his property in readiness for a reasonable time for the purpose of appraisement. In this instance the officer informed the debtor that he would summon appraisers if desired to do so by the plaintiffs in execution, but fixed no time when he would act or when he would notify the debtor. The latter was not, under such circumstances, required to remain in waiting, and he might well expect that he would be advised of further proceedings. Certainly, he might go from home on the third day, having had no notice, without forfeiting his rights under the law. The officer having by his own act made it uncertain what further would be done or when he would move again, should, in justice to the debtor, have advised him of the intended proceedings, or when on going to his home he found him and a part of the property absent, should have awaited his return, there being no indication of an intent to evade the law on the part of the debtor, and his absence under the circumstances not being at all unreasonable or improper.

It is manifest from the terms of the section that it contemplates the property shall be present when the appraisement is

Smith v. Dauel.

made, and if it is not, without the fault of the debtor, he may complain if he has been in anywise injured. Menzie v. Kelley, 8 Ill. App. 261. It appears that the property included in the schedule was worth less than the amount fixed by the appraisers, and that the whole value did not exceed the amount exempt under the statute.

The absent property had never been seen by one of the appraisers, and though the other two had noticed it casually they had not examined it. It consisted of a buggy and harness and two horses, and in view of the facts as agreed, we may reasonably conclude that had all the property in the schedule been examined by them on that occasion, as the law requires, the value would have been fixed fairly and that the debtor would have been able to assert his claim to all as exempt from execution.

The law does not provide for another appraisement where there has been informal and irregular action, and it is silent as to what steps the debtor shall take to protect himself, in the event of a substantial failure by the officer to comply with its terms. It is obvious that in such case the debtor may regard the whole proceeding as a nullity and may recover his property by the appropriate remedy of replevin.

We are of opinion that this appraisement was so imperfectly conducted as to furnish no warrant for the subsequent levy, and that the property should have been returned to the debtor on his demand.

It is urged, however, by appellee, that the question here discussed can not be considered, because there were no propositions of law submitted to the Circuit Court to be held or refused. The cases referred to in support of this position were in the Supreme Court and had passed through this court, where the questions of fact had been settled.

It is especially within the province of this court to examine and review questions of fact and to determine whether there is any occasion to set aside the finding of the trial court in that respect. It is not essential to such review that propositions of law should have been submitted.

When a case is submitted to the court for trial, a jury being

waived, the finding is to be treated precisely as the verdict of a jury. Field v. C. & A. R. R. Co., 71 Ill. 458. If, upon examination, the Appellate Court is of opinion that though the trial court committed no error in its instruction, yet the verdict is so manifestly against the evidence that it ought not to stand, the judgment will be reversed; and so where the issue of fact is tried by the court and is improperly decided, though there is no error in rulings upon the law.

The provision of Sec. 42 of the practice act referred to, is chiefly valuable to enable a party to so separate questions of law from questions of fact, that upon an appeal, when it is not clear that the latter have been improperly decided, the former may be examined, and if it appears from the propositions held or refused that the court proceeded upon an unsound view of the law the error may be corrected.

Where no propositions of law are submitted to the trial court and the judgment is affirmed in this court, an appeal hence to the Supreme Court will be fruitless so far as questions of fact are concerned, because by the statute those are settled by the judgment of this court. Nothing more is held in this respect by the cases cited by appellee.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*