# THOMAS LANSDEN

## v.

# ELIJAH HAMPTON.

*Exemptions—Schedule—Production of Property.*

1. A defendant in execution desirous of availing himself of the statutory exemption as to personal property, is required to have the property

described in his schedule present and within view of the appraisers appointed in conformity with the statute.

2. The mere fact that when the schedule is presented by the defendant, the property, or a part of it, is not within the county, will not excuse the officer from appointing appraisers.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Moultrie County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. MILLS BROS. and R. M. PEDRO, for appellant.

No one will be found to contend that a debtor is entitled to more than one exemption in the State, and that in the preparing of his schedule he is not required to include all of his personal property of every kind and character, wherever it may be situated. It would make no difference whether the property was in one county or in different counties, whether all or only a part was in the county where the writ was issued, and the balance in some other county. In either case the schedule must include all of the debtor's property.

Upon the presentation of the schedule it is made the duty of the officer holding the writ to appoint his appraisers, whose duty it is to fix a fair value to each article. After the appraisement, it becomes the duty of the judgment debtor to make his selection and to deliver to the officer holding the writ all the property contained in the schedule, not selected.

It is apparent that the appraisers could not perform the duties imposed upon them in the fixing of the value of each article, unless the articles themselves were submitted for inspection and examination. It is manifest from the terms of the section the property shall be present when the appraisement is made. This has been the holding of this court in former cases. Menzie v. Kelley, 8 Ill. App. 259; Smith v. Doud, 29 Ill. App. 290.

Since all the property of the debtor, wherever situated, must be included in the schedule for appraisement, and each article inspected and examined by the appraisers, the question left for determination is, must the debtor submit the property

for this examination and inspection in the county where the officer holds the writ and where the appraisers are appointed, or must the officer and the appraisers go to the foreign county where the property is situated? We submit that the debtor must bring the property into the county of the appraisers.

The officer has no power to levy upon property in any other county than his own; this being true, it will at once be seen that in case there is a surplus over the exemption, this surplus must of a necessity be brought into the county where the officer holds the writ. The debtor could not, after making his selection, " deliver the remainder to the officer having the writ," unless the property was present in the county. This being true, no other reasonable construction can be placed upon this provision of the law than that which we have given it.

This court has, in the case of Menzie v. Kelley, above cited, laid down the rule of construction contended for by us. In that case it was held to be the duty, under section 2 under consideration, of the debtor to submit his property as well as his schedule to the officer and appraisers. In that case this court, after reciting the provisions of sections 1 and 2, makes use of the following language:

" The officer is required to summon three householders, who, after being duly sworn as appraisers, ' shall fix a fair valuation upon each article contained in the schedule.' The debtor is then required to make his selection, ' and deliver the remainder to the officer having the writ.' The situs of the property must, from the necessity of the case, be such that the officer can proceed and have the property appraised in accordance with the requirements of the act. The appraisers could not fix a fair valuation upon each article, without they were offered opportunity for inspection and examination. The debtor could not, after making his selection, 'deliver the remainder to the officer having the writ,' unless the property was present or within reach. The object of the statute is to exempt, for the benefit of the debtor and his family, personal property up to a certain value, but to require him to surrender all property in excess of that

value for the benefit of his creditors. The value of the several articles is to be assessed by three householders, who are to act fairly, impartially, and under the sanction of an oath. We take it that Sections 1 and 2 of the act must be construed together, and ·that the one is dependent upon the other, and that it is necessarily implied that the property, as well as the schedule, shall be submitted to the officer and the three householders."

Mr. I. D. WALKER, for appellee.

In the case at bar, as in the case in 8 Ill. App. 259, Menzie v. Kelley, cited by appellant, the property in the schedule, including the property in Macon county, which was all the property owned by appellee, was worth less than $400, so, as in that case, it was useless to appraise the property. Nine schedules out of ten made, go no farther than to the attorney of plaintiff. The practice is that after a schedule is made it is submitted to the plaintiff or his attorney, and if from an inspection of the amount of property contained in it it can be seen that said property is not worth $400, then it stops, and the execution is returned no property found. This is done to save the cost of the appraisers, when it is plain to be seen that an appraisement would do no good. The above is the universal practice in this State, and I submit that on the authority of the case in 8 Ill. App. above cited, this case should be affirmed. Cole v. Green, 21 Ill. 104.

I claim in this case the execution was not a lien on any of the personal property, and the defendant did not have to schedule his property and turn it out for appraisement, and the appellant was a trespasser by selling the property on this execution and the sale was void. Seymour v. Haines, 104 Ill. 557; Thornley v. Moore, 106 Ill. 496; Butler v. Hill, 17 Ill. App. 454.

WALL, J. The question presented by the pleadings in this case is, whether a defendant in execution, desirous of availing himself of the statutory exemption as to personal property, is required to have the property described in his schedule present and within view of the officer before the latter must appoint

appraisers. The statute provides that the execution debtor, if he seeks the benefit of the exemption, shall, within ten days after notice of the execution, make a schedule of all his personal property and deliver the same to the officer; "and thereupon the officer having the execution  *  *  *  shall summon three householders, who, after being duly sworn to fairly and impartially appraise the property of the debtor, shall fix a fair valuation upon each article contained in the schedule, and the debtor shall then select from such schedule the articles he or she may desire to retain, the aggregate value of which shall not exceed the amount exempted to which he or she may be entitled, and deliver the remainder to the officer having the writ." The directions herein contained are plain and explicit. The steps to be taken are, first, the officer must notify the defendant of the execution; second, the defendant must, within ten days, present a proper schedule to the officer; third, the officer must then appoint the appraisers; fourth, the appraisers, having taken the necessary oath, must appraise the property—it being implied, of course, that the property is produced before them by the defendant; fifth, the defendant must then make his selection, and deliver the remainder to the officer having the writ.

The mere fact that when the schedule is presented the property, or a part of it, is not within the county, will not excuse the officer from appointing the appraisers.

He should, upon receipt of the schedule, proceed, as the statute requires, to appoint appraisers, before whom the property must be produced by the defendant. There is nothing in Menzie v. Kelley, 8 Ill. App. 259, cited by appellant, to conflict with this construction; nor in Smith v. Doud, 29 Ill. App. 290. Indeed, the argument to be drawn from those cases, so far as applicable, is in support of the view here taken.

We are of opinion the trial court ruled correctly and that its judgment should be affirmed.

*Judgment affirmed.*