Decided at PENDLETON, 13 August, 1898.

**BOND *v.* TURNER.**

[44 L. R. A. 430; 54 Pac. 158]

</div>

CONSTRUCTION OF EXEMPTION LAWS.—Exemption statutes have no extra-territorial operation, and do not form any part of the contract between debtor and creditor, being merely a part of the remedy.

EXEMPTION—NONRESIDENT.—The right to claim the benefit of statutory exemptions is open to nonresidents as well as residents, unless there is some restriction, which is not the case with section 282, Hill's Ann. Laws.

From Umatilla : STEPHEN A. LOWELL, Judge.

Replevin by Ellen G. Bond against D. Turner and Rudolph Martin for certain household furniture. Plaintiff had a judgment, from which defendants appeal.

<div align="right">AFFIRMED.</div>

For appellants there was a brief over the names of *John J. Balleray* and *Marion A. Butler*, with an oral argument by *Mr. Balleray*.

For respondent there was a brief over the name of *Carter & Raley*, with an oral argument by *Mr. J. H. Raley*.

MR. JUSTICE BEAN delivered the opinion.

This is an action commenced in the Circuit Court of Umatilla County, to recover the possession of some household furniture seized by the defendant, Turner, on the

twenty-sixth day of May, 1897, to satisfy an execution issued on a judgment recovered by the defendant, Martin, against the plaintiff in the Justice's Court for North Pendleton Precinct. The facts are that for some time prior to the seventeenth day of May, 1897, the plaintiff had been a resident and householder within the City of Pendleton, engaged in keeping a boarding house; but, about the time mentioned, she closed her business, and concluded to move to Rossland, B. C., where her husband then was. Preparatory to such removal, she delivered her household furniture to a railway company at Pendleton, for shipment, expecting to follow it in three or four weeks. After the furniture had been received by the company, it was attached by Turner, under a writ of attachment issued in the action brought by Martin; and, on the nineteenth of May, the plaintiff commenced an action against the defendants in the Justice's Court for East Pendleton Precinct, to recover possession thereof, on the ground that the property in question was exempt from execution, and recovered judgment therein on the twenty-sixth. On the same day, Martin caused an execution to issue on the judgment which had in the meantime been recovered by him against the plaintiff in the action referred to, and caused the property in question to be again seized by the defendant, Turner, under such execution, whereupon this action was commenced in the circuit court to recover its possession. The defense to the action is (1) that such property was not exempt from execution at the time of its seizure, because the plaintiff was not then a resident and householder of the state; and (2) that the judgment in the action brought by her against the defendants on the nineteenth of May is a bar to this proceeding. The jury returned a verdict for plaintiff.

Upon the first point the court charged the jury that subdivision 4 of section 282 of the statute exempting

from execution the goods, furniture, and utensils of a householder, could be taken advantage of only by residents of the state. It then proceeded to instruct them as to what would and would not constitute a "resident," within the meaning of this rule, and the errors assigned on this branch of the case are based upon the giving and refusal of instructions upon this point. But we do not deem it necessary to examine the errors so assigned, for, in our opinion, the judgment must be affirmed on the ground that the property was exempt from execution, whether plaintiff was a resident of the state or not. The statute provides that "household goods, furniture, and utensils to the value of $300" shall be exempt from execution "if owned by a householder and in actual use or kept for use by and for his family, or when being removed from one habitation to another on a change of residence": Hill's Ann. Laws, § 282, subd. 4. It is not limited either in terms or by necessary implication to citizens or residents of the state, and the courts have no right to so restrict it by judicial interpolation. Exemption statutes are, of course, confined in their operation to the state in which they are enacted. They have no extraterritorial effect, nor do they constitute a part of the contract between the debtor and creditor which may be enforced in another jurisdiction. But they are a part of the law of the forum, and regarded as relating to and affecting the remedy only. It would therefore seem logically to follow that such a statute must extend its protection to all litigants in the courts of the state where it is enacted, whether residents or not, unless it is expressly or impliedly restricted to some designated class of persons.

As said by Mr. Justice WILLIAMS in *Haskill* v. *Andros*, 4 Vt. 609 (24 Am. Dec. 645): "Whatever remedy our laws give to enforce the performance of a contract will

equally avail the citizen or the foreigner; and they equally must be subject to any restraints which the law imposes upon them. Our inhabitants can have no greater rights in enforcing a claim against a foreigner than an alien can have in enforcing a similar claim against one of our own citizens. Whoever submits himself or his property to our jurisdiction must yield to all the requirements which are made of our citizens in relation to the collecting of debts or maintaining suits, and is clearly entitled to all the benefits, exemptions and privileges to which other debtors or suitors belonging to our own state are subject or entitled. If the one can hold a cow, suitable wearing apparel, and necessary household furniture, without having the same taken from him by execution, so can the other. Nothing short of the express language of a statute would justify us in saying that a person may, by virtue of an execution, be stripped of his wearing apparel, his necessary household furniture, and his only cow, merely because he resides under another government, when a person residing here would not be subject to the same inconvenience and distress.'' And the great weight of authority is in favor of the rule thus laid down. It seems to be quite generally agreed that, where the statute does not restrict the exemption of property from execution to residents or some other designated class of persons, the courts have no authority to do so, and it must apply to all persons, litigant nonresidents as well as residents. Thus, in the case of Lowe v. Stringham, 14 Wis. (*222) 241, the debtor was a nonresident, and it was held that he was entitled to the benefit of the exemption laws of the state, the court saying: ''The statute makes no discrimination between temporary and permanent residents, nor does it purport to confine its privileges to residents at all. It exempts certain articles of the debtor and his family.

And we think it would be entirely inconsistent with the beneficent intentions of the statute, as well as with the dignity of a sovereign state, to say that the temporary sojourner, or even the stranger within our gates, was not entitled to its protection.''

In *Mineral Point Railroad Co.* v. *Barron*, 83 Ill. 365, the defendant in the original action was a resident of the state of Wisconsin, and claimed the benefit of the Illinois statute (Rev. St. 1874, chapter LXII, § 14) which provided that "the wages and services of a defendant, being the head of a family and residing with the same, to an amount not exceeding the sum of $25, shall be exempt from garnishment''; and it was held that he was entitled to the benefit of such statute. Again, in the case of *Sproul* v. *McCoy*, 26 Ohio St. 577, the court say: "Exemptions from execution or sale allowed to 'every person who has a family,' under the provisions of the act of April 16, 1893 (70 Ohio Laws, p. 132), may be claimed by any debtor against whom an action is prosecuted in the courts of this state, whether such debtor be or be not a resident of this state.'' And to the same effect are the cases of *Mo. Pac. Ry. Co.* v. *Maltby*, 34 Kan. 125 (8 Pac. 235); *Kansas City, etc. Railroad Co.* v. *Gough*, 35 Kan. 1 (10 Pac. 89); *Bell* v. *Indian Stock Co.* (Tex. Sup.) 11 S. W. 344 (3 L. R. A. 642); *Wright* v. *Chicago, etc. R. R. Co.* 19 Neb. 175 (56 Am. Rep. 747, 27 N. W. 90); *Menzic* v. *Kelly*, 8 Ill. App. 259; *Wabash Railroad Co.* v. *Dougan*, 142 Ill. 248 (34 Am. St. Rep. 74, 31 N. E. 594); *Hill* v. *Loomis*, 6 N. H. 263. In some of the states the right of exemption is expressly limited to residents, and such are the provisions of the statutes under which the decisions cited by the appellant were made.

As to the other defense pleaded, it is sufficient to say that the judgment in the justice's court was upon a sep-

arate and distinct cause of action from the case in hand, and is therefore no bar to this action. The judgment of the court will therefore be affirmed.

AFFIRMED.

<br>

Decided 23 January; rehearing denied 13 March, 1899.