BERTHA STARK, Appellant, v. LILLY C. STARK, Appellee.

**EXEMPTIONS:** Statutes—Applicability. Exemption statutes are applicable to residents and nonresidents unless the benefits thereof are confined to residents.

Headnote 1: 25 C. J. pp. 18, 19.

Headnote 1: 1 L. R. A. (N. S.) 195; L. R. A. 1915A, 397; 11 R. C. L. 505.

*Appeal from Hamilton District Court.*—B. R. BRYSON, Judge.

APRIL 5, 1927.

REHEARING DENIED JULY 1, 1927.

An action aided by attachment. On motion and hearing, the attachment was discharged, and plaintiff appeals from the order discharging the attachment.—*Affirmed.*

*Martin & Alexander,* for appellant.

*Henderson & Jones,* for appellee.

ALBERT, J.—Suit was brought against appellee, Lilly C. Stark, on three promissory notes executed by her to appellant, Bertha Stark. Writ of attachment was issued, and answers of the garnishee, Farmers Savings Bank of Stanhope, Iowa, were taken by the sheriff of Hamilton County, showing that Lilly C. Stark held $4,000 in certificates of deposit in said bank. She later appeared, and filed a motion to discharge the attachment and garnishment and to release the property. This motion was

accompanied by affidavits, and the matter was set down and tried to the court on affidavits and oral testimony, the trial resulting in the court's sustaining the motion to discharge the attachment and garnishment, and a release of the funds, with the exception of $17.

Two questions are urged upon our consideration: (1) That, at the time of the institution of this suit, Lilly C. Stark was not a resident of the state of Iowa; and (2) that, regardless of her residence, the money on deposit in said bank was exempt from process, because it was the proceeds of a policy of life insurance on the life of her husband, who had previously deceased.

Briefly stated, appellee and her husband were married in 1896. There were six children born to this marriage. They were residents of and lived in Iowa for 21 years after their marriage, after which time they moved to Minnesota, where the husband died on the 1st day of July, 1924. There is much testimony in the case as to whether or not this move to Minnesota was a permanent change of residence or simply temporary; but, if the second contention of appellee is found to be true, this becomes immaterial. J. V. Stark moved to Minnesota to aid his brother, who had engaged in land speculation, and both brothers lost practically all they had. It might be said further that, prior to the time these parties moved to Minnesota, the husband was worth in the neighborhood of $100,000. J. V. Stark's estate was administered on in probate court in the state of Minnesota. He had borrowed on his insurance policy the sum of $1,017. On the death of the husband, Lilly C. Stark came with the body to Iowa, where it was buried, and while she was here, a settlement was made by the insurance company, paying her $17 less than the $4,000. She added to the insurance money $17; hence the $4,000 deposited in the bank at Stanhope. Shortly after the death of her husband, she moved her family back to Iowa.

As to the second question urged by appellee herein, if it be found that the exemption statute hereafter referred to applied to the money thus on deposit in the bank, as above stated, it then becomes immaterial whether or not she was a resident of Iowa. The section of the statute involved is as follows:

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of

said individual, independently of his creditors. The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his debts. Any benefit or indemnity paid under an accident policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his debts. The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed five thousand dollars.'' Section 8776, Code of 1924.

It is to be noticed that the first part of this section frees the proceeds of a life insurance policy from liability to process as against the debts of J. V. Stark. The last paragraph of the statute provides that it shall not be subject to process for the debts of the surviving widow, Lilly C. Stark. A further inspection of this section shows that it differs from any of our general exemption statutes in that most of those statutes provide that the exemption shall apply only to residents of the state. This statute, however, is not so limited, and the question is whether or not, when a statute of this character carries no limitation as to the residence of the beneficiary of a policy, it is to be construed as limited to residents of the state only. This question seems to be *res integra,* so far as this court is concerned.

Among our sister states there seems to be some divergence of opinion on this question. The modern line of authority, however, and to our minds the most reasonable, and in fact the great weight of authority, is to the effect that, if the statute itself does not limit the exemption to residents of the state, then it is held that it applies to nonresidents, as well as to residents. It is so held in the following cases: *State ex rel. Lankford v. Collins,* 70 Okla. 323 (174 Pac. 568) ; *Bond v. Turner,* 33 Ore. 551 (54 Pac. 158) ; *Mineral Point R. Co. v. Barron,* 83 Ill. 365 ; *Zimmerman v. Franke,* 34 Kan. 650 (9 Pac. 747) ; *Everett v. Herrin,* 46 Me. 357 ; *Himmel v. Eichengreen,* 107 Md. 610 (69 Atl. 511) ; *Wright v. Chicago, B. & Q. R. Co.,* 19 Neb. 175 (27 N. W. 90) ; *Hill v. Loomis,* 6 N. H. 263 ; *Goodwin v. Claytor,* 137 N. C. 224 (49 S. E. 173) ; *Sproul v. McCoy,* 26 Ohio St. 577 ; *Bell v. Indian Live-Stock Co.* (Tex.), 11 S. W. 344 ; *Haskill v. Andros,* 4 Vt. 609 ; *Lowe v. Stringham,* 14 Wis. 222 ; 11 Ruling Case Law 505.

So long as our statute does not limit its benefits to the residents of this state, under the general weight of authority we are holding that this exemption statute operates to protect this fund in the hands of Lilly C. Stark, regardless of whether or not she is a resident of the state of Iowa.

Since we have reached this conclusion, it is not necessary to pass upon the first question urged.

The ruling of the district court was right.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.