## SARGENT *et al.* V. CHUBBUCK.

1. **Homestead:** CHANGE OF. A new homestead acquired with the proceeds arising from a sale of the old one, is exempt from sale in all cases in which the former homestead would have been exempt.

Sargent v. Chubbuck.

*Appeal from Linn District Court.*

THURSDAY, JUNE 15.

HOMESTEAD : CHANGE OF : VOLUNTARY CONVEYANCES, &c. — The plaintiffs, Sargent & Wilcox, are creditors of the estate of D. J. Chubbuck, deceased. This debt was contracted or created *April* 28, 1860, and is for $264.12. The plaintiff, Kelsey, is likewise a creditor of the estate for $305.48; this debt being evidenced by a note of D. J. Chubbuck, dated *March* 15, 1858. Chubbuck died July 17, 1861. The personal property of the estate has been exhausted, and the estate is insolvent.

This is a proceeding in equity commenced April 23, 1863, against the administrator, widow and heir of D. J. Chubbuck, deceased, to cancel a conveyance to Mary E. Chubbuck, the widow, and to have the property decreed to be assets of the estate. The real estate thus sought to be reached by the plaintiff is lot 3, block 6, Mount Vernon. This lot is in the name of the widow, but was paid for mainly by the husband's money, as shown by the evidence, and the further facts stated in the opinion.

The plaintiffs claim that this conveyance to Mary E. was in fraud of their rights. This she denies, and she also sets up an alleged paramount homestead right.

The District Court decided for the plaintiffs, and entered a decree that the lot be treated as assets of the estate, sold, and the proceeds applied on the plaintiff's debts.

Mary E. Chubbuck, the widow, appeals.

*Preston & Son* for the appellant.

*E. Latham* for the appellee.

DILLON, J. — The evidence shows that on the 3d day of

1. HOMESTEAD: change of.

April, 1858 (which was *prior* to the creation of the debt of the decedent to Sargent & Wilcox,

but *subsequent* to the creation of the debt to Kelsey), the decedent, D. J. Chubbuck, purchased a farm which at once became the homestead of himself and family, and remained so until the sale thereof, April 25, 1860.

Upon the sale of this farm, Chubbuck and his family "moved directly" to the house and lot now in dispute. Before the removal from the farm, "Chubbuck," so testifies Colin, the vendor, "talked to me about the purchase of the lot."

"This lot," says the widow in her testimony, "was purchased for a homestead at the time we sold (left) the farm." The first payment of $50 was made to Colin, Aug. 28, 1860, about which time Chubbuck and family took possession. This house and lot were paid for from the proceeds of the farm, and certain other property of the husband, and $50, proceeds of rent of the house which the widow at one time rented out. The value of the house is from $350 to $400. There is yet a small balance due the vendor. The vendor made the deed June 26, 1861, directly to the wife (now widow) of D. J. Chubbuck.

The debt of Sargent and Wilcox could not have been enforced against the homestead in the farm; that of Kelsey could. Rev., § 2281. The statute allows a "*change* of homestead," but not to the prejudice of previous liens and conveyances.

The statute in this regard was before us in the quite recent case of *Pearson* v. *Minturn*, 18 Iowa, 38, and we need not enlarge upon its meaning and purpose as there expounded. Rev., §§ 2288, 2289.

The evidence in the cause now before us clearly shows that the house and lot in question is the "new homestead," within the meaning of the statute (Rev., § 2289), and, therefore, by the statute, "to the extent in value of the old, it is exempt from execution in all cases where the old or former homestead would have been exempt, but in no

other, nor in any greater degree." By the statute the neglect to plat and record the homestead does not render it liable. Rev., § 2286.

The decree of his honor, the late Judge ISBELL, of the District Court, should be modified, so far as it directs the house and lot in question to be sold for the payment of the debt of Sargent & Wilcox, and it should also be modified even as respects the debt of Kelsey, so as not to conclude the right of the widow to dower.

That these modifications may be made in the decree, the cause will be remanded.

It results from the foregoing that we are of opinion, upon the evidence, that the conveyance to the wife was voluntary, and not sustainable against existing creditors; and were it not for the homestead right the property would be liable to the debt of Sargent & Wilcox, as well as that of Kelsey.

Appellees to pay costs of appeal equally.