ROGERS v. RAISOR, SHERIFF, ET AL.

1. **Homestead**: PROCEEDS OF: REMOVAL TO OTHER STATE: EXEMPTION
   LOST. When the proceeds of an Iowa homestead are reinvested in a
   new homestead in another State, and afterwards the second homestead
   is sold and the proceeds invested in a third homestead in Iowa, the
   third homestead will be liable for a debt which was contracted before it
   was purchased. The fund loses its distinctive character upon being car-
   ried and invested beyond the jurisdiction of the laws of Iowa.

*Appeal from Wayne District Court.*

FRIDAY, DECEMBER 15.

THIS is a proceeding for an injunction to restrain the sale
under execution of the plaintiff's homestead. The petition
alleges in substance the following facts:

In October, 1870, the plaintiff subscribed $100 to the
Chicago & Southwestern Railway Company, and gave his
promissory note therefor. At the time he made said sub-
scription the plaintiff was a resident of Lineville, Iowa, was
the head of a family, and owned a homestead of the value of
$325 in said town, in which he resided with his family. In
October, 1870, the plaintiff sold his homestead in Lineville,
and, in less than a month thereafter, with $250 of the pro-
ceeds thereof, purchased a homestead of thirty-six acres in
Missouri, which he occupied with his family till December,
1873, when he sold his Missouri homestead, and with $300
of the proceeds purchased a homestead in Lineville, and occu-
pied the same with his family until June, 1875. In June,
1875, the plaintiff sold this homestead for $250, and immedi-
ately with this $250 purchased his present homestead. On
February 3, 1880, judgment was rendered on the note above
mentioned, and the plaintiff's homestead was levied upon to
satisfy said judgment. The plaintiff asks that an injunction
issue restraining the sale. The defendants' demurrer to this
petition was sustained, and judgment was entered in favor of
defendants for costs. The plaintiff appeals.

*Freeland* and *Miles*, for appellants.

*Vermillion* and *Vermillion* and *G. Taylor Wright*, for appellees.

DAY, J.—Our statute provides that the owner of a homestead may change it entirely, and that the new homestead, to the extent in value of the old, shall be exempt from execution in all cases where the old or former homestead would have been exempt. Code, §§ 2000 and 2001. Under these sections it has been held that a new homestead, acquired with the proceeds arising from the sale of the old one, is exempt from judicial sale in all cases in which the former homestead would have been exempt. *Sargent v. Chubbuck*, 19 Iowa, 37; *Thompson v. Rogers*, 51 Id., 333; *Pearson v. Minturn*, 18 Id., 36. The laws of Missouri are not pleaded, and will, for the purpose of this case, be presumed to be the same as our own. The laws of each State, however, apply only to homesteads acquired and held under its own laws and within its territorial jurisdiction. The laws of neither State can have any extra-territorial force or application. What, then, was the character impressed upon the proceeds of the Iowa homestead when taken to Missouri for reinvestment?

The laws of Iowa ceased to operate upon it and to affect its character as soon as it was invested in real estate in the State of Missouri. It was not the proceeds of the sale of a homestead held under the laws of Missouri, for these laws can apply only to a homestead held under the law of that State. It follows that the fund arising from the sale of the Iowa homestead, upon being carried into Missouri, lost the distinctive character of being the proceeds of the sale of a homestead.

When these proceeds were invested in a homestead in Missouri, that homestead was not exempt from execution for the debt in question, which existed before the homestead was ac-

quired. Code, § 1992. For like reason the new homestead acquired in Lineville, in 1873, was liable for debts contracted before it was purchased. The court did not err in sustaining the demurrer.

. AFFIRMED.