# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

OCTOBER TERM, 1901.

---

(*Continued from Volume 166.*)

STATE BANK OF EAGLE GROVE, Appellant, v.
DOUGHERTY et al.

Division One, February 19, 1902.

167   1
e178   24

**Homestead:** ACQUIRED BY SALE OF HOMESTEAD IN IOWA. A homestead acquired in Missouri "with the consideration derived from the sale of a prior homestead" in another State, is subject to the payment of debts which had accrued before the deed to the Missouri homestead was filed for record. The statute (sec. 3623, R. S. 1899) in referring to the acquiring of one homestead with the consideration derived from the sale of another, refers wholly and exclusively to Missouri homesteads, and does not mean that the one sold may be situate in another State. This ruling is in harmony with the Missouri statute and, in this case, with the principles of interstate comity as interpreted by the courts of the foreign state (Iowa).

Appeal from Barton Circuit Court.—*Hon. W. L. Jarrott,*
Acting Judge.

REVERSED *(with directions.)*

*Thurman & Wray* for appellant.

Vol. 167 mo—1.                                              (1)

(1) The right given by section 3623 to invest the proceeds of a homestead, in a new homestead, which shall possess all the immunities of the old homestead, is confined to the homestead created by the act of which that section is a part, and refers to the homestead defined by our homestead act and not a homestead created by the laws of another State. Our homestead act can not be enlarged upon by the courts. Only such property is exempt as homestead as is specially provided for by the homestead act. Stanley v. Baker, 75 Mo. 60. (2) The Iowa land of the defendant, A. H. Dougherty, was sold in the fall of 1896, for the purpose and with the intention of permanently removing from that State, and all the proceeds became personalty and subject to the payment of defendant's debts in Iowa. In other words, the sale in Iowa with intent to remove to Missouri was an abandonment of defendant's homestead right under the laws of Iowa, and subjected the proceeds of the sale to execution for the payment of all debts of the defendant. Christy v. Dyer, 14 Ia. 440; Davis v. Kelley, 14 Ia. 535; Cole v. Gill, 14 Ia. 530; Ellston v. Robinson, 23 Ia. 208; Orman v. Orman, 26 Ia. 361; Kimball v. Wilson, 59 Ia. 638; Windle v. Brant, 55 Ia. 221; Paine v. Means, 65 Ia. 547. The sale of a homestead with the intention of removing to another State, is not only an abandonment of the homestead right in Iowa, but in every other State in the Union, and subjects the proceeds of the homestead so abandoned to the payment of existing debts. Kaes v. Gross, 92 Mo. 647; Smith v. Bunn, 75 Mo. 559; Duffy v. Willis, 99 Mo. 132; Brewing Association v. Howard, 150 Mo. 445; Conway v. Nichols, 71 N. W. 183; Willbanks v. Untriner, 98 Ga. 801; Kuhnert v. Conrad, 69 N. W. 185; Carrigan v. Rowell, 96 Tenn. 185. (3) Homestead exemptions laws are purely statutory and are limited in their operation to the territory of the State creating them. These have no extraterritorial force. One State will not give effect to the exemption laws of another State. Thompson on Homestead, sec. 20; Smith on Home-

stead, sec. 526; Baykin v. Edwards, 21 Ala. 261; Morgan v. Neville, 74 Pa. St. 52; Newell v. Hayden, 8 Ia. 140; Helfenstein v. Cave, 3 Ia. 287; Railroad v. May, 25 Ohio St. 347. (4) The proceeds of a homestead in one State are not impressed with homestead exemptions when carried to and invested in another State so as to exempt them from payment of judgments of such other State. Rogers v. Raisor, 60 Ia. 355; Dalton v. Webb, 83 Ia. 479.

*H. W. Timmonds* for respondents.

(1) An exempt homestead in one State may be exchanged for an exempt homestead in another State. Stinde v. Behrens, 81 Mo. 254; Keyes v. Rines, 37 Vt. 260. In Iowa a homestead is the homestead of "the family," whether the title be in the husband or wife. Iowa Stat., sec. 1988. It could not be conveyed or incumbered without the concurrence of husband and wife. Ibid, sec. 1990. Its limits could be exchanged from time to time, or it might be changed entirely; but an entire change, without the concurrence of husband and wife, could not affect the rights of the husband or wife or those of the children. Ibid, sec. 2000; State v. Gaddis, 44 Iowa 537; Benham v. Chamberlain, 39 Iowa 358; Pearson v. Minturn, 18 Iowa 36; Sargent v. Chubbuck, 19 Iowa 37; Harsh v. Griffin, 72 Iowa 608; Drake v. Painter, 77 Iowa 731; Guinn v. Giller, 101 Iowa 333. (2) Where an Iowa homestead is sold, the proceeds thereof are protected from seizure by creditors. State v. Gaddis, 44 Iowa 537; Schuttloffel v. Collins, 98 Iowa 576. And this protection is guaranteed to debtors in quite a number of other States. Simpson v. Biffle, 63 Ark. 289; Watson v. Saxer, 102 Ill. 585; Brenneke v. Duigenan, 6 Kan. App. 229; Cooper v. Arnett, 95 Ky. 603; Airey v. Buchanan, 64 Miss. 181; Corey v. Plummer, 48 Neb. 481; Hewitt v. Allen, 54 Wis. 583; Bailey v. Stearn, 70 Wis. 316; Clancey v. Alme, 98 Wis. 229; Wom-

ack v. Stokes, 12 Tex. Civ. App. 648; Ins. Co. v. Chase, 11 Tex. Civ. App. 13; Keyes v. Rines, 37 Vt. 260; Nat. Bank v. Kilgore, 43 S. W. 565. (3) The wife had a vested right in the Iowa homestead, and in the proceeds thereof, which may be paid to her or reinvested in another homestead for her and the children, free from seizure and sale for the debts of her husband. Iowa Stat., secs. 1988, 1990, 1998, 2000; Schuttloffel v. Collins, supra; Helm v. Helm, 11 Kan. 19; Coughlin v. Coughlin, 26 Kan. 116; Stinde v. Behrens, supra; Nance v. Nance, 28 Ill. App. 587; Blum v. Light, 81 Tex. 414; Gatewood v. Scurlock, 2 Tex. Civ. App. 98. (4) Under "that enlightened comity existing between sister States," the courts of one State have been protecting citizens of a sister State by enforcing in his favor the exemption laws of his State. Mason v. Bebee, 44 Fed. Rep. 556; Teager v. Landsley, 69 Iowa 725; Railroad v. Cunningham, 7 Kan. App. 268; Railroad v. Gough, 35 Kan. 1; Drake v. Railroad, 69 Mich. 168; Railroad v. Smith, 70 Miss. 344; Wright v. Railroad, 19 Neb. 175; Railroad v. Moore, 31 Neb. 629; Singer Co. v. Fleming, 39 Neb. 679; Martin v. Railroad, 50 Hun (N. Y.) 347; Pierce v. Railroad, 36 Wis. 283. (5) "The homestead was not established for the benefit of the husband alone, but for the benefit of the family and society—to protect the family from destitution and society from the danger of her citizens becoming paupers." Morris v. Ward, 5 Kan. 239. Missouri courts have never lost sight of the humane character and beneficent object of exemption laws, and have always been as liberal as the law toward the family of a poor debtor. Blandy v. Asher, 72 Mo. 27; Finnegan v. Prindeville, 83 Mo. 517; Creath v. Dale, 84 Mo. 349; Smith v. Enos, 91 Mo. 579; Goode v. Lewis, 118 Mo. 357; Macke v. Byrd, 131 Mo. 682; Ailey v. Burnett, 134 Mo. 313.

BRACE, P. J.—On November 6, 1895, the defendant, A. H. Dougherty, became indebted to the plaintiff bank on a

promissory note on which the bank obtained judgment against him in the Barton Circuit Court for the sum of $273.30 at the January term of said court, 1898.

At the time this indebtedness was incurred the said defendant owned three hundred and twenty acres of land in Iowa on which he resided with his family, and which he afterwards sold, and invested $2,000 of the proceeds thereof in the eighty-acre tract in Barton county described in the petition, his deed for which was filed for record on March 7, 1896, about which time he moved with his family on said eighty-acre tract and has ever since occupied the same as a homestead. Afterwards on August 25, 1897, he conveyed the same by deed to his co-defendant, Napper, who on the same day by deed conveyed the same to the defendant, Mary N. Dougherty, wife of the said A. H. Dougherty. These deeds were duly executed, acknowledged and recorded, but were without consideration, and this suit is brought to set them aside and subject the land to the payment of plaintiff's judgment. On the facts the judgment was for the defendant and the plaintiff appeals.

The only question in the case is, Is the Barton county homestead exempt from execution on plaintiff's judgment by reason of the fact that it was bought with the proceeds of land in Iowa, in which the defendant Dougherty under the laws of that State had a homestead? The plaintiff's cause of action having accrued before the said defendant acquired the Barton county homestead, and before his deed therefor was filed for record, it was subject to execution upon the judgment (R. S. 1899, sec. 3622), unless exempted therefrom by the provisions of section 3622, Revised Statutes 1899, by which it is provided that, "Whenever such housekeeper or head of a family shall acquire another homestead in the manner provided in section 3622, the prior homestead shall thereupon be liable for his debts, but such other homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable: Provided, that such other homestead shall

have been acquired with the consideration derived from the sale or other disposition of such prior homestead."

The right of homestead is purely a creature of statute, and while such a right has been created by statute in all or most of the States, such statutes can have no extraterritorial force, and must be construed to apply to homesteads within the State of the enactment. The section quoted is a part of the chapter entitled "Homesteads," by which such right is created in this State. The Legislature in section 3623, is dealing with homesteads in Missouri, two of them, a prior and a subsequent one, acquired in accordance with the provision of that act. The prior homestead which is to become subject to the housekeeper's debts is a homestead in Missouri and the subsequent one acquired with the consideration derived from the sale of the prior one, is a homestead in Missouri, which is not to be liable for debts to which the prior homestead in Missouri would not have been liable. With a prior homestead in Iowa or any other State this statute has nothing to do. Of course the Legislature never attempted to subject a prior homestead in Iowa or any other State to a housekeeper's debts, or intended to make the liability of a subsequent homestead in Missouri depend upon the liability of a prior homestead in another State. Upon no principle of statutory construction or interstate comity, so eloquently invoked by counsel for respondent, could the homestead laws of Iowa have that effect, as is well illustrated by the decisions of the Supreme Court of that State.

In Rogers v. Raisor, 60 Iowa 356, the opinion is as follows:

"DAY, J.—Our statute provides that the owner of a homestead may change it entirely, and that the new homestead, to the extent in value of the old, shall be exempt from execution in all cases where the old or former homestead would have been exempt. [Code, secs. 2000 and 2001.] Under

these sections it has been held that a new homestead, acquired with the proceeds from the sale of the old one, is exempt from judicial sale in all cases in which the former homestead would have been exempt. [Sargent v. Chubbuck, 19 Iowa 37; Thompson v. Rogers, 51 Id. 333; Pearson v. Minturn, 18 Id. 36.] The laws of Missouri are not pleaded, and will, for the purpose of this case, be presumed to be the same as our own. The laws of each State, however, apply only to homesteads acquired and held under its own laws and within its territorial jurisdiction. The laws of neither State can have any extraterritorial force or application. What, then, was the character impressed upon the proceeds of the Iowa homestead when taken to Missouri for reinvestment?

"The laws of Iowa ceased to operate upon it and to affect its character as soon as it was invested in real estate in the State of Missouri. It was not the proceeds of the sale of a homestead held under the laws of Missouri, for these laws can apply only to a homestead held under the law of that State. It follows that the fund arising from the sale of the Iowa homestead, upon being carried into Missouri, lost the distinctive character of being the proceeds of the sale of a homestead.

"When these proceeds were invested in a homestead in Missouri, that homestead was not exempt from execution for the debt in question, which existed before the homestead was acquired. [Code, sec. 1992.] For like reason the new homestead acquired in Lineville, in 1873, was liable for debts contracted before it was purchased. The court did not err in sustaining the demurrer. Affirmed."

In the subsequent case of Dalton v. Webb, 83 Iowa 478, the ruling in Rogers v. Raisor was reiterated and affirmed. So that the shadow of an argument on the score of comity, in support of respondent's contention disappears under the rulings of the State in whose behalf it is invoked. Nor do we find any support for that contention in either of the two cases

relied upon:   Stinde v. Behrens, 81 Mo. 254; Keyes v. Rines, 37 Vermont 260.   In the former case, it was in effect held that the conveyance by the wife of her interest in a homestead in Kansas was a good consideration for the conveyance to her in her own right of real estate in Missouri, and that the latter conveyance was not in fraud of a creditor from whose debt the homestead was exempt.   In that case, as is said in the opinion, "The exchange of deeds was made at the homestead of the defendants, and while it was being occupied by them as such, and was consented to by Mrs. Behrens upon the express condition that the property to be received in consideration for the conveyance of her homestead should be conveyed to her."   "And it has been held, by the Supreme Court of Kansas, that the conveyance by the wife of her interest in the homestead, is a sufficient consideration for the transfer to her, in her own right, of the proceeds of such conveyance," and this court sustained Mrs. Behrens' title not because of any protection extended to it by the homestead laws of Kansas, but because it was her property acquired by a valid contract under the laws of that State where the contract was made.

The Vermont case is of like character.   There "the defendant's wife signed a deed of their homestead, sold under process of law in New Hampshire, upon condition of the payment of the proceeds to her, to be kept by her as a separate fund for a future investment in a homestead, free from all interference of her husband," and the court held that "she thereby acquired title to the money, and held it free from attachment on her husband's debts."

The judgment for the defendants on the facts is manifestly erroneous, and is reversed, and the cause remanded with directions to the circuit court to enter a decree in favor of the plaintiff in accordance with the prayer of the petition.   All concur.