WILLIAM W. BROWN v. B. C. HUGHES.[1]

April 24, 1903.

Nos. 13,432—(53).

**Construction of Statute.**

    Laws are not to be construed retrospectively, or to have a retrospective effect, unless it shall clearly appear that it was so intended by the enacting body, and unless such construction is absolutely necessary to give meaning to the language used.

[1] Reported in 94 N. W. 438.

**Amendment of Constitution—Homestead Exemption.**

The amendment to article 1, § 12, of the Constitution, adopted November 6, 1888, relating to exemption from seizure and sale of property for debts and liabilities, was wholly prospective in its operation; and the collection of debts contracted or entered into for work done or material furnished in the construction of a building upon the debtor's homestead prior to its adoption cannot be enforced under its provisions, as against such homestead.

Action in the district court for Le Sueur county to vacate a sheriff's certificate of sale of plaintiff's homestead made under an execution issued upon a judgment entered against defendant on May 27, 1892, for labor and material furnished in the erection of buildings upon the premises prior to November 6, 1888.

The case was tried before Cadwell, J., who found in favor of plaintiff. From an order denying a motion for a new trial defendant appealed. Affirmed.

*F. N. Hendrix* and *G. F. Dullam*, for appellant.

*Charles C. Kolars*, for respondent.

COLLINS, J.

The sole question presented by this appeal is, is a judgment rendered and docketed after the adoption of the amendment to article 1, § 12, of the Constitution, upon a debt contracted or entered into for work done or material furnished prior thereto in the construction of a building upon the statutory homestead of the judgment debtor, enforceable, and the amount thereof collectible, as against such homestead?

Prior to the amendment, adopted November 6, 1888, section 12 read, in part, as follows:

"A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability; the amount of such exemption shall be determined by law."

By the amendment there was added:

"Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same; and provided, further, that such liability to seizure and sale shall also extend to all real property for any,

debt incurred to any laborer or servant for labor or service performed."

If this amendment was retrospective in any respect, it necessarily included within its terms all debts contracted for work done or material furnished in the construction of a building upon a homestead prior to its adoption. A judgment obtained either before or after November 6, 1888, upon such a debt, would be collectible out of the homestead. In the one case the right to collect would accrue immediately upon the adoption of the amendment, it being self-executing (Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292), while in the other such right would accrue upon the docketing of the judgment, being in abeyance prior thereto. If, upon the other hand, the amendatory provision should be construed as prospective only, and solely applicable to debts contracted after its adoption, the court below was justified in its conclusion in favor of the plaintiff, and the order appealed from will have to be affirmed. The question is simply one of construction.

We have repeatedly held that the homestead law is designed for the protection and benefit of the debtor and his family, and should be liberally construed in every case clearly brought within its provisions. This construction must also be allowed to prevail when construing constitutional provisions relating to exemptions. Prior to the adoption of this amendment all debts belonged to one and the same class, so far as the debtor's homestead was concerned. As against the homestead, no claim or indebtedness could be enforced. The debt in question at the time it was contracted was of the nonenforceable class. Subsequently and by the amendment two classes of indebtedness were made possible—one for labor or material upon the debtor's homestead, which could be enforced as against it; the other, a debt which could only be collected or satisfied out of other and nonexempt property.

Is it to be supposed, when we take into consideration the character and liberal construction which have always been given to homestead laws in this state, that the people intended by this amendment to remove all claims of this character, no matter when contracted, from the nonenforceable to the enforceable class. This is not to be gathered from any language used in the amendment, un-

less it be in the word "incurred," and we are clearly of the opinion that this word should not be so construed. Where it may be fairly understood from the object and purpose of any provision of the law that it was designed to apply or operate only under certain conditions, we may infer that it should be limited in its operation. This intention to limit the effect of general words may be gathered from a general view of the subject under consideration. Again, it is a presumption that it was not the intention of the people, when adopting this amendment, to change or modify the law beyond what was explicitly declared, either in express terms or by unmistakable implication. It is not to be supposed that the intention was to overturn an established policy of the state, without expressing such intent, and it has frequently been held and declared that such intention must be expressed with irresistible clearness.

Again, it is a well-settled rule that laws are not to be construed retrospectively, or to have a retrospective effect, unless it shall clearly appear that it was so intended by the enacting body, and unless such construction is absolutely necessary to give meaning to the language used. This intent does not appear in this instance, nor are we compelled to so construe in order to give meaning to the language of the amendment. ' It was not intended by the adoption of this amendment that debts which previously had been uncollectible as against the homestead should be transferred to a favored class, and made collectible. In other words, the intent was precisely as if the phrase had been "any debts subsequently incurred." This construction is in line with the spirit of the decisions of this court heretofore made, and any other would be at variance and decidedly in opposition thereto, as well as to the long-settled policy of this state.

Counsel for the defendant has cited several cases in support of his contention that by the amendment homesteads were made subject to the enforcement and collection of debts previously contracted. We do not question the soundness of the views expressed in these cases, but we are decidedly of the opinion that they do not apply to the question now before us.

Order affirmed.