**In re Judith M. STRATTON, Debtor.**

**No. 600–66349–AER7.**

United States Bankruptcy Court,
D. Oregon.

Oct. 23, 2001.

Steven R. Summers, Slayton, OR, for debtor.

Douglas Schultz, Eugene, OR, for trustee.

### MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Chief Judge.

This matter comes before the court upon the trustee's objections to certain exemptions claimed by the debtor. The debtor claimed exemptions in two vehicles, a Mercedes and a 5th wheel trailer, and the Oregon homestead exemption in real property which is located in Lake Forest, California (the property). After a hearing, the trustee's objection was sustained as to the

5th wheel trailer; the debtor was allowed to claim her statutory exemption in the Mercedes. The issue of the homestead exemption was taken under advisement.

The parties have agreed, pursuant to the operation of 11 U.S.C. § 522(b)(2)(A)[1], that Oregon law applies. There is no dispute that Debtor could claim the homestead exemption in the property if it were located in Oregon. The sole issue presented is whether Oregon's homestead exemption should be given extraterritorial effect. This appears to be a case of first impression in this district. Based upon the following discussion, the debtor's exemption should be allowed.

### DISCUSSION

The trustee argues that the Oregon law providing for the homestead exemption cannot be applied to real property located outside the State of Oregon. There is ample authority to support the trustee's position which, in fact, appears to be the majority view. *See In re Halpin,* 1994 WL 594199 (Bankr.D.Idaho 1994) (West-Law only); *In re Sipka,* 149 B.R. 181 (D.Kan.1992); *In re Peters,* 91 B.R. 401 (Bankr.W.D.Tex.1988); *Cherokee Const. Co. v. Harris,* 92 Ark. 260, 122 S.W. 485 (1909); *Rogers v. Raisor,* 60 Iowa 355, 14 N.W. 317 (1882); *State Bank of Eagle Grove v. Dougherty,* 167 Mo. 1, 66 S.W. 932 (1902); *In re Owings,* 140 F. 739 (E.D.N.C.1905); *see generally,* 40 Am. Jur.2d Homestead § 14 (1999).

This prevailing viewpoint has been called into question, however, by a recent 9th Circuit case, *In re Arrol,* 170 F.3d 934 (9th Cir.1999). There, the court allowed a debtor to claim the California homestead exemption in real property located in Michigan.

The trustee urges this court to give a narrow reading to the *Arrol* opinion, limiting its application to California law. In so doing, the trustee relies heavily upon an 1898 Oregon Supreme Court case, *Bond v. Turner, et al.,* 33 Or. 551, 54 P. 158 (1898). In addition, he argues, as a matter of policy, that allowing the Oregon homestead exemption to apply to property outside the State of Oregon will lead to forum shopping and unfair interference with debtor/creditor relationships.

The debtor maintains that the 9th Circuit's holding in *Arrol,* is exactly on point. It is consistent with the strong policy underlying federal bankruptcy law that exemption statutes be interpreted liberally, in favor of the debtor, to assist with the debtor's fresh start.

Indeed, *Arrol* does appear to be directly on point. There, the court noted that "the California exemption statute does not limit the homestead exemption to dwellings within California." 170 F.3d at 936. The court further noted that:

> In *Strangman v. Duke,* 140 Cal. App.2d 185, 295 P.2d 12 (1956), the California court of appeals articulated the legislative goal of "provid[ing] a place for the family and its surviving members, where they may reside and enjoy the comforts of a home, freed from any anxiety that it may be taken from them against their will...." *Id.* at 190, 295 P.2d 12.

*Id.* The court explained that "[t]his goal exists independently from state boundary

---

**1.** 11 U.S.C. § 522 provides, in pertinent part:
b. Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate...
   2(A) any property that is exempt under...State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180 day period than in any other place....

lines." *Id.* In conclusion, the *Arrol* court stated "we are mindful of the strong policy underlying both California law and federal bankruptcy law to interpret exemption statutes liberally in favor of the debtor." *Id.* at 937.

Like California's homestead exemption statute, Oregon's homestead exemption is silent as to its extraterritorial effect and has been so since its enactment in 1893. The current provisions for the homestead exemption may be found in ORS 23.240 and ORS 23.250.[2] Nevertheless, the trustee urges that the interpretation given to the extraterritorial effect of the California homestead exemption may be distinguished from that accorded to the Oregon statutes, by virtue of *Bond v. Turner, supra.*

*Bond,* however, did not involve the homestead exemption, nor the issue of extraterritoriality. Rather, the Oregon Supreme Court held that non-residents, who are sued in Oregon, could claim the Oregon exemptions, in property located in Oregon, to the same extent as residents. Although the court did indicate that: "[e]xemption statutes are ... confined in their operation to the state in which they are enacted" 33 Or. at 553, 54 P. 158, this appears to have been mere dicta.

Furthermore, later decisions by the Oregon Supreme Court reflect the same policy concerns that the *Arrol* court discovered when it cited to the California case of *Strangman v. Duke,* 140 Cal.App.2d 185, 295 P.2d 12 (1956). In *Banfield v. Schulderman, et al. (In re Banfield's Estate),* 137 Or. 167, 298 P. 905 (1931), the Oregon Supreme Court stated:

The object of the homestead exemption laws is well understood. This object is to assure to the unfortunate debtor, and his equally unfortunate but more helpless family, the shelter and the influence of home; and, in its promotion, courts may well employ the most liberal and humane rights of interpretation.

137 Or. at 178, 179, 298 P. 905; *see also, Wilkinson v. Carpenter,* 277 Or. 557, 565, 561 P.2d 607, 611 (1977) (the purpose of the homestead exemption, "is not only to insure indigent individuals the comforts of home, but also to protect the general economic welfare of all citizens, creditors and debtors alike, by promoting the stability and security of our society."). As the court noted in *Arrol,* these policy goals exist independently from state boundary lines.

The trustee's policy arguments are also misplaced. Many of the policy arguments

---

2. ORS 23.240 provides, in pertinent part:
    (1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $33,000. The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child, but the exemption shall not be impaired by:

    (a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;
    (b) Removal or absence from the property; or
    (c) The sale of the property.
ORS 23.250 provides:
    The homestead mentioned in ORS 23.240 shall consist, when not located in any town or city laid off into blocks and lots, of any quantity of land not exceeding 160 acres, and when located in any such town or city, of any quantity of land not exceeding one block. However, a homestead under this section shall not exceed in value the sum of $25,000 or $33,000, whichever amount is applicable under ORS 23.240(1).

urged by the trustee were eloquently stated by the court in *In re Halpin,* 1994 WL 594199 (Bankr.D.Idaho 1994) (WestLaw only). That case was decided, however, five years before *Arrol,* therefore, it lacks persuasive effect. Finally, the reasoning employed in *Arrol* has been followed by courts outside the Ninth Circuit. *See, In re Weza,* 248 B.R. 470 (Bankr.D.N.H.2000).

### CONCLUSION

Since the parties have agreed that the property would qualify as the debtor's homestead if located in Oregon and that Oregon law applies, this court concludes that the debtor may claim the homestead exemption, provided by Oregon law, in the property for the reasons set forth above. The trustee's objection to this exemption should be overruled and an order consistent herewith entered. This opinion constitutes the court's findings of fact and conclusions of law; they shall not be separately stated.